# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Bizar, dba Fantasy Games Unlimited,<br><br>           Plaintiff,<br><br>     vs.<br><br>Jeffrey Dee, Jack Herman, Monkey House Games, Inc.,<br><br>           Defendants. | CIV 11-02036 PHX MEA<br><br>ORDER |

All of the parties have acquiesced to the exercise of magistrate judge jurisdiction, including the entry of final judgment.[1]

Plaintiff filed a complaint on October 15, 2011, alleging a cause of action for infringement of trademark.[2] Defendants Herman and Dee, who are residents of Illinois and Texas, were served on or about December 19 and December 20, 2011.  The Clerk of the Court entered the default of Defendants Herman and Dee on January 13, 2012.

---

[1] On March 8, 2012, the Court dismissed Defendant Monkey House Games, Inc., which entity is a Florida corporation, based on Plaintiff's failure to serve this defendant within the time allowed by the Federal Rules of Civil Procedure.

[2] Defendants in this matter are plaintiffs in a suit against Plaintiff in this matter in docket number CV 11-2247 DKD, filed November 11, 2011, alleging a cause of action for copyright infringement.  In that matter Defendants are represented by counsel located in Florida.  Also before the Court is Defendants' motion to consolidate the two cases.

On January 23, 2012, Defendants Herman and Dee, appearing pro se and also intending to act on behalf of Defendant Monkey House Games, Inc., filed a motion seeking to set aside the entry of default against each of these three defendants, citing Rule 55 and Rule 60(b), Federal Rules of Civil Procedure.[3]  Defendants contend that the failure to file a responsive pleading was excusable neglect.  Defendants assert that they delayed in filing a responsive pleading because they were attempting to retain Arizona counsel.  Defendants also contend they have meritorious defenses to the complaint.

In response, Plaintiff alleges Defendants have not shown good cause for their failure to timely respond and that Defendants' alleged meritorious defenses are not legitimate.

Rule 12, Federal Rules of Civil Procedure, specifies that an answer to a complaint must be filed within twenty days of service of the summons and complaint.  Rule 55 provides that if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  This rule also provides that the Court may set aside default for "good cause shown."

---

[3] It "has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201, 113 S. Ct. 716, 720-21 (1993). See also Licht v. America W. Airlines (In re Am. W. Airlines), 40 F.3d 1058, 1059 (9th Cir. 1994); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).

-2-

1       Granting or denying a motion to set aside the entry of 2 default is a matter within the Court's discretion. <u>See</u>, <u>e.g.</u>, 3 <u>O'Connor v. Nevada</u>, 27 F.3d 357, 364 (9th Cir. 1994). The Court 4 should grant the motion if Defendants have shown good cause for 5 their failure to timely respond to the complaint. <u>Cf.</u> <u>TCI Group</u> 6 <u>Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001); 7 <u>Commercial Bank of Kuwait v. Rafidain Bank</u>, 15 F.3d 238, 243 (2d 8 Cir. 1994).

9       To determine if Defendants have demonstrated good cause 10 for the failure to timely respond to the complaint, the Court 11 considers three factors: (1) whether Defendants engaged in 12 culpable conduct that led to the default; (2) whether Defendants 13 have a meritorious defense to the charges stated in the 14 complaint; and (3) whether Plaintiff will be prejudiced by 15 allowing the case to proceed. <u>See</u>, <u>e.g.</u>, <u>TCI Group Life Ins.</u> 16 <u>Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001); <u>Keegel v.</u> 17 <u>Key West & Caribbean Trading Co., Inc.</u>, 627 F.2d 372, 373 (D.C. 18 Cir. 1980). These three factors are disjunctive, i.e., the 19 Court may grant the motion to set aside the entry of default if 20 any of the three factors is true. <u>See</u> <u>Franchise Holding II,</u> 21 <u>LLC. v. Huntington Rest. Group, Inc.</u>, 375 F.3d 922, 925-26 (9th 22 Cir. 2004); <u>American Ass'n of Naturopathic Physicians v.</u> 23 <u>Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).

> [W]e will not find that the district court's decision on a motion to set aside default is an abuse of discretion unless it was "clearly wrong" in its determination of good cause. <u>Id.</u> "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their

-3-

>merits." [<u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941 (9th Cir. 1986)] at 945–46 []. Further, in determining whether to set aside a default judgment under Fed. R. Civ. P. 60(b), the district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default. <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984).

<u>O'Connor</u>, 27 F.3d at 364.

A defendant's conduct is culpable they received actual or constructive notice of the filing of the action and intentionally failed to answer. See <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 697. A defendant's conduct is intentional if it is willful, deliberate, or in bad faith. <u>Id.</u>

>"A defendant's motion to set aside a default should not be granted if the defendant exhibited some degree of culpable conduct in failing to respond to pleadings." <u>Accu-Weather, Inc.</u>, 779 F. Supp. at 804. "[A] defendant's conduct [is] culpable ... where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>Employee Painters' Trust v. Ethan Enter., Inc.</u>, 480 F.3d 993, 1000 (9th Cir. 2007).

<u>Aristocrat Technologies, Inc. v. High Impact Design & Entm't</u>, 642 F. Supp. 2d 1228, 1234 (D. Nev. 2009).

Prejudice against a plaintiff in this context exists if the plaintiff's ability to litigate their claim is impaired in some material way or if relevant evidence has become lost or unavailable since the entry of default. See <u>id.</u> at 1233; <u>Accu-Weather, Inc. v. Reuters Ltd.</u>, 779 F. Supp. 801, 802 (M.D. Pa. 1991). Detriment to the plaintiff in the sense that the plaintiff will be required to establish the merit of his claims

-4-

1 does not constitute prejudice in this context. See <u>Aristocrat</u>
2 <u>Technologies</u>, 642 F. Supp. 2d at 1233.  Additionally, a
3 defendant seeking to vacate a default judgment must present
4 specific facts that would constitute a meritorious defense to
5 the plaintiff's claims.  See <u>TCI Group Life Ins. Plan</u>, 244 F.3d
6 at 700.

7       Defendants Herman and Dee acknowledge notice of this
8 suit.  Defendants allege that their Florida counsel cannot
9 represent them in this Court in this suit.  However, the Court
10 notes that, at the time they were served with the summons and
11 complaint in this matter Defendants' Florida counsel had filed
12 suit against Plaintiff and entered an appearance on Defendants'
13 behalf in the corresponding matter.

14       Defendants contend they have meritorious defenses to
15 Plaintiff's claims.  Defendants assert that the Court lacks
16 personal jurisdiction over Defendants, who are residents of
17 Florida.  Defendants also maintain that other defenses may
18 become available.  Defendants argue that Plaintiff filed this
19 suit to avoid the outcome of on-going litigation and a trademark
20 dispute before the United States Patent and Trademark Office.

21       Although Plaintiff would not be prejudiced by the
22 setting aside of default, Defendants have engaged in culpable
23 conduct and have not proffered a meritorious defense to
24 Plaintiff's claims.

25       Accordingly,

26       **IT IS ORDERED that** Defendants' motion (Doc. 17) to set
27 aside their default is **denied**.

28

1    DATED this 15th day of March, 2012.

3    _____
     Mark E. Aspey
4    United States Magistrate Judge