**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Scott Bizar, dba Fantasy Games Unlimited,<br><br>  Plaintiff/Counter Defendant,<br><br>       vs.<br><br>Jeffrey Dee, Jack Herman, Monkey House Games, Inc.,<br><br>  Defendants/Counter-Plaintiffs. | CIV 11-02036 PHX MEA<br>CIV 11-02247 PHX MEA<br><br>ORDER |

All of the parties have acquiesced to the exercise of magistrate judge jurisdiction, including the entry of final judgment.[1] Plaintiff Bizar filed an amended complaint on October 19, 2011, in civil case number 2:11 CV 2036 PHX MEA, alleging claims against Defendants Herman, Dee, and Monkey House Games for defamation, commercial disparagement, unfair competition, misappropriation, breach of contract, and two counts pursuant to the Lanham Act for trademark infringement.

On July 27, 2011, Counter-Plaintiffs Herman, Dee, and Monkey House Games initiated a suit against Counter-Defendant Bizar in the United States District Court for the Middle

---

[1] On March 8, 2012, the Court dismissed Defendant Monkey House Games, Inc. as a defendant in docket number 2:11 CV 2036 PHX MEA, based on Plaintiff Bizar's failure to show cause for the failure to serve this defendant within the time allowed by the Federal Rules of Civil Procedure. See Doc. 2 & Doc. 24.

District of Florida, alleging a cause of action for copyright infringement.  <u>See</u> Doc. 1 in 2:11 CV 2247 PHX MEA.  On November 11, 2011, that matter was transferred to the United States District Court for the District of Arizona and assigned docket number 2:11 CV 2247 PHX.  In that matter Counter-Plaintiffs Herman, Dee, and Monkey House Gam were represented by counsel located in Florida.

On January 13, 2012, the Clerk of the Court entered the default of Defendants Herman and Dee in docket number 2:11 CV 2036 PHX MEA.  <u>See</u> Doc. 16 in 2:11 CV 2036 PHX MEA.  In an order entered March 16, 2012, the Court denied a motion to set aside Defendants Herman and Dee's default.  <u>See</u> Doc. 26 in 2:11 CV 2036 PHX MEA.  In an order entered April 2, 2012, the Court consolidated docket number 11-2036 with docket number 11-2247.

On July 11, 2012, the Court granted Plaintiff Bizar's motion for judgment by default in docket number 2:11 CV 2036 PHX MEA with *regard only to Count I and Count II* of Plaintiff Bizar's complaint against Defendants Herman and Dee, for defamation and commercial disparagement, state-law based causes of action which were not predicated on the same set of facts as Defendants Herman and Dee's later counter-suit for copyright infringement, i.e., docket number 2:11 CV 2047 PHX MEA.  On September 25, 2012, the Court granted Plaintiff Bizar's motion for a hearing on the damages to be awarded on the judgment entered in favor of Plaintiff Bizar with regard only to the claims for defamation and commercial disparagement in docket number 2:11 Cv 2036 PHX MEA, based on Defendant Herman and Dee's default in that matter.  In an order issued November 28, 2012,

the Court entered judgment in favor of Plaintiff Bizar and against Defendants Herman and Dee as to Count I and Count II in 2:11 CV 2036 PHX MEA only, in the amount of $52,300.  See Doc. 68 in 2:11 CV 2036 PHX MEA.

In an order issued January 22, 2013, the Court denied Plaintiff Bizar's motion for judgment as a matter of law in 2:11 CV 2036 PHX MEA with regard to the remaining counts of his amended complaint in that matter and entered judgment as a matter of law in favor of Defendants Herman and Dee with regard to the remaining claims in the amended complaint in that matter. See Doc. 47 in 2:11 CV 2036 PHX MEA.  The Court also granted Defendant Herman and Dee's motion for judgment as a matter of law in favor of these Defendants and against Plaintiff Bizar with regard to the copyright infringement claims stated in 2:11 CV 2047, the consolidated suit.  See Doc. 50 in 2:11 CV 2036 PHX MEA.

On February 19, 2013, Defendants Dee and Herman filed the pending motion to amend judgment entered in their favor on the copyright infringement claims stated in 2:11 CV 2047. Defendant Herman and Dee ask the Court to amend the Court's judgment in favor of these Defendants and against Plaintiff Bizar on their copyright infringement claims to include the damages awarded to Plaintiff Bizar on the state-law based causes of action in 2:11 CV 2036, which damages were awarded based on Defendants Herman and Dee's default on Plaintiff Bizar's claims in that matter.

1  Defendants Herman and Dee assert:

2  Damages exist in this case, for example: The court in its Order of November 28, 2012, found damages for Plaintiff appropriate in the amounts as follows:
3  
4  a. $40,000, at a rate of economic loss of $5,000 per work;
5  b. $8,000 of lost sales of "Giant Series" Villains and Vigilantes supplements;
6  c. $1,200 of lost sales of Vigilantes International; and
7  d. $3,100 of lost sales of PDF versions of Villains and Vigilantes.
8  4. These and other damages may now be awardable to Defendants, Dee, Herman, and Monkey House Games, Inc.
9  
10  Wherefore, Defendants Dee, Herman, and Monkey House Games, Inc. respectfully request that the foregoing Motion to Amend or Alter the Judgment be granted.
11  

12  Defendant Herman and Dee cite to no rule or legal
13  authority or equitable doctrine for granting the relief sought.
14  There is no basis for essentially "reversing" the amount of
15  damages awarded to Plaintiff/Counter Defendant Bizar upon
16  Defendants/Counter Plaintiffs Herman and Dee's default, which
17  were determined after a hearing and which damages were based on
18  different causes of action, to find that the identical amount of
19  damages are now due Defendants Herman and Dee based on Plaintiff
20  Bizar's copyright infringement.  Defendants do not ask the Court
21  to hold a hearing regarding damages sustained as a result of the
22  copyright infringing actions of Plaintiff Bizar nor do they
23  offer any evidentiary support regarding the amount of damages
24  claimed by Defendants based on copyright infringement.
25  Accordingly,
26  **IT IS ORDERED that** the motion to amend judgment, at
27  Doc. 75, is **denied**.
28  

-4-

DATED this 30th day of May, 2013.

_____
Mark E. Aspey
United States Magistrate Judge